MATTER OF LEONG

In DEPORTATION Proceedings

A-12653531

*Decided by Board May 16, 1963*

Respondent, who is otherwise qualified, is not precluded from establishing eligi-
bility for suspension of deportation under section 244(a)(1), Immigration
and Nationality Act, as amended, by reason of his absence from the United
States from May 1960 to August 1960, since under the provisions of section
244(b) of the Act, as amended, the requirement of continuous physical presence
is inapplicable to him, having served honorably in an active-duty status in
the Armed Forces of the United States from March 1956 to March 1959
following enlistment in California.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered with-
out inspection.

The case comes forward pursuant to certification by the special
inquiry officer of his order dated March 29, 1963, ordering that the
deportation of the respondent be suspended under the provisions of
section 244(a)(1) of the Immigration and Nationality Act, as
amended.

**Discussion As To Deportability:** The respondent is a native and
citizen of China, 31 years old, male, married, who first entered the
United States at the port of San Francisco on April 28, 1951, on a false
claim of United States citizenship. He last entered the United States
at Anchorage, Alaska on August 21, 1960, after a brief absence to
China from May 1960 and was again admitted upon his false claim
of citizenship. At the time of his last entry he was not inspected as
an alien. The respondent is subject to deportation on the charge
stated in the order to show cause.

**Discussion As To Eligibility For Suspension of Deportation:**
The respondent knew at the time he first came to the United States
that the person from whom he was claiming United States citizenship
was not in fact his father. The arrangements for him to come to the
United States were made by his parents. Although the respondent

274

was 19 when he first entered the United States he attended high school in Sacramento, California and was graduated. He has been employed in various capacities in restaurants in Sacramento, California and is presently employed as a bus boy at $272 per month plus tips. Assets are valued at $20,000, including $10,000 in cash and the remainder in common stock and other personal property. He enlisted at Sacramento, California and from March 29, 1956 to March 25, 1959 he was in active service in the Army of the United States and served overseas two years and four months. He was transfered to the Reserve on March 25, 1959, and was honorably discharged on February 15, 1963. During the respondent's period of active service in the Army, he was injured and the Veterans Administration has certified that he has suffered a thirty per cent degree of disability as a result of a service connected residuals of cerebral concussion and has awarded him payments of $44 per month commencing March 26, 1959.

From May 1960 to August 1960 the respondent visited Hong Kong where he was married on June 23, 1960, to a native and citizen of China, now 27 years old, who still resides there. They have no children. The respondent's mother, one sister and a brother reside in Macao. One of his brothers is on the Chinese mainland; another brother, now a lawful permanent resident, resides in California. The quota for Chinese persons, to which the respondent is chargeable, is heavily oversubscribed and the respondent cannot otherwise adjust his immigration status.

The respondent, has resided in the United States since April 28, 1951. He has been regularly employed in the United States since his arrival. The respondent served honorably and actively for three years from March 1956 to March 1959, two years and four months of which were overseas, and thereafter served in the Army Reserve until February 15, 1963. His deportation could only be effected to Formosa or Macao. The respondent's adult years have been spent in the United States. In view of the respondent's residence in the United States since 1951, his honorable Army service, his service-incurred disability· and the fact that his earning ability has been impaired by his injury, it is concluded that he would suffer extreme hardship if deported.

A character investigation conducted by the Service and reports of the Federal Bureau of Investigation and of the local police department during the past seven years reveal no information adverse to the respondent. No connection with subversive groups has been shown. Affidavits of witnesses attesting to his good moral character have been introduced into evidence. The respondent has established that during the seven years immediately preceding the date of his application for

suspension of deportation he was and is a person of good moral character.

Section 244(a)(1) as amended requires that the respondent have been previously present in the United States for a continuous period of not less than seven years immediately preceding the date of his application. The respondent was absent to Hong Kong from May to August 1960.

Section 244(b) of the Immigration and Nationality Act, as amended by section 4 of the Act of October 24, 1962 (P.L. 87-885) provides that the requirement of continuous physical presence in the United States specified in paragraph (1) and (2) of subsections (a) shall not be applicable to an alien who (A) has served for a minimum period of 24 months in an active-duty status in the Armed Forces of the United States and, if separated from such service, was separated under honorable conditions and (B) at the time of his enlistment or induction was in the United States. The respondent has produced proof that he was honorably discharged after more than 24 months of active duty service in the Armed Forces of the United States and that at the time of his entry into the Armed Forces he was present in the United States. The inclusion in the benefits of the legislation for aliens who served honorably for a stated period of time in the Armed Forces of the United States represents the incorporation into a permanent statute of a policy traditionally adhered to by the Congress in the enactment of private relief bills for the alien servicemen and ex-servicemen.[1] The amendment provides relief for aliens who served honorably in the Armed Forces of the United States.[2] The statutory language is not limited in its application and would appear to eliminate the requirement of continuous physical presence in the United States as to honorable discharged servicemen who served two years and were inducted or enlisted while in the United States. The respondent falls within the scope of section 244(b) and the requirement of continuous physical presence of section 244(a)(1) is not applicable to him. The respondent is eligible for suspension of deportation under section 244(a)(1) of the Act, as amended. The order of the special inquiry officer dated March 29, 1963, will be affirmed.

ORDER: It is ordered that the order of the special inquiry officer dated March 29, 1963, granting the application for suspension of deportation be and the same is hereby affirmed.

---

[1] 20 Cong. Rec. 22153 (daily ed. October 12, 1962).

[2] 2 U.S. Code Congressional and Adm. News 4029.